# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 11-1696

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MATTHEW L. MARTIN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 10-CR-40008—**Michael M. Mihm**, *Judge*.

MARCH 25, 2013

Before FLAUM, KANNE, and WOOD, *Circuit Judges*.

PER CURIAM. Matthew L. Martin, a convicted felon, pleaded guilty to possessing a firearm, *see* 18 U.S.C. § 922(g), subject to the condition that he be allowed to challenge the district court's denial of his motion to suppress the firearm and drugs found in his car. He appealed, and we affirmed the district court's judgment in *United States v. Martin*, 664 F.3d 684 (7th Cir. 2011), after concluding that the police did not violate Martin's

rights under the Fifth Amendment—the only question he presented in his appeal. Martin then filed a timely petition for rehearing with suggestion for rehearing en banc, which was pending when the Supreme Court decided *United States v. Jones*, 132 S. Ct. 945 (2012). The Supreme Court held that the installation of a GPS device on a vehicle and the use of that device to track the vehicle's location constitutes a search within the meaning of the Fourth Amendment. *Id.* at 949. Following *Jones*, Martin added arguments based on the warrantless GPS in his case to his other arguments for suppression, and we ordered a limited remand for the district court to consider (1) whether Martin's plea agreement allowed him to challenge the evidence against him under *Jones*, and (2) whether *Jones* justified the suppression of the evidence against him. The district court concluded that Martin's conditional plea (which preserved a Fourth Amendment challenge to the admissibility of a gun seized from his car) did not erect an insurmountable bar to raising such issues on appeal, but that Martin was not entitled to suppression under a "good faith" exception to the exclusionary rule. At our direction, the parties filed supplemental briefs addressing only the issues raised in the limited remand and the district court's decision.

Our earlier opinion thoroughly discussed the police's investigation of Martin and his arrest, and we repeat here only the details relevant to his current motion. After a bank robbery in Burlington, Iowa, police officers received a tip that Martin was one of the robbers. The police located Martin, attached a GPS device to his car,

and tracked him into Illinois, where a local deputy sheriff stopped and searched his car. The search revealed drugs and a revolver underneath the hood of the car, and Martin eventually admitted during a police interview that he knew about the gun.

On the limited remand, the district court concluded that, pursuant to *Davis v. United States*, 131 S. Ct. 2419 (2011), suppression was not warranted because of the "officer's good faith reliance on then-existing precedent." With respect, we find that to be an unwarranted expansion of the Supreme Court's decision in *Davis* and not one that we should adopt in the present case. *Davis* expanded the good-faith rationale in *United States v. Leon*, 468 U.S. 897 (1984), only to "a search [conducted] in objectively reasonable reliance on *binding appellate precedent*," finding that this set of searches are not subject to the exclusionary rule. See *Davis,* 131 S. Ct. at 2434 (emphasis added). As Justice Sotomayor pointed out in her opinion concurring in the judgment, *Davis* "d[id] not present the markedly different question whether the exclusionary rule applies when the law governing the constitutionality of a particular search is unsettled." 131 S. Ct. at 2435. The Supreme Court may decide to expand *Davis* in the coming years, but until it does so, we are bound to continue applying the traditional remedy of exclusion when the government seeks to introduce evidence that is the "fruit" of an unconstitutional search. We reject the government's invitation to allow police officers to rely on a diffuse notion of the weight of authority around the country, especially where that amorphous opinion turns out to be incorrect

in the Supreme Court's eyes. Here, as Martin points out in his supplemental brief, there was no binding appellate precedent in the Eighth Circuit at the time that Iowa law enforcement officials attached the GPS device to Martin's car.

We need not definitely resolve this point in the context of this case, however, because the facts require us to reject Martin's argument for suppression. The evidence he seeks to suppress had little to do with the fact that a GPS device had been used at all: put differently, it was significantly "attenuated" from the improper installation of the device. As the district court initially ruled in 2010, "there was probable cause for Martin's arrest [and] it was reasonable for the officers to believe Martin's vehicle contained evidence of the bank robbery" independent of any data gleaned from its electronic surveillance of the vehicle. The GPS data here appears simply to have aided law enforcement officials in tracking down Martin when they decided to effect his arrest. This is quite different from the situation in *Jones*, where the GPS data was used to establish a necessary link between the defendant and a cocaine stash house, 132 S. Ct. 945, 948 (2011). It is also different from the various post-*Jones* district court cases Martin cites, *United States v. Katzin*, 2012 WL 1646894 (E.D. Pa. May 9, 2012) (GPS data tying suspects to string of pharmacy robberies), *United States v. Lee*, 862 F. Supp. 2d 560 (E.D. Ky. 2012) (GPS tracking data indicating suspect was transporting marijuana), *United States v. Ortiz*, 878 F. Supp. 2d 515 (E.D. Pa. 2012) (GPS data connected defendant to complex drug trafficking scheme). Martin

has not responded to the government's attenuation argument. Indeed, he has offered zero argument, at any stage, that would establish why exclusion of the evidence seized here is necessary to vindicate the specific (somewhat unique) privacy interest that has been violated in his case. As Justice Scalia put it in *Jones*, the problem arises when "[t]he Government physically occupie[s] private property for the purpose of obtaining information." 132 S. Ct. at 949. Perhaps if Martin had developed this argument more fully at the district court level, that gap could have been filled. But it was not, and so, even though we are willing to proceed on the basis that he did not completely forfeit his argument about the use of the GPS device, we cannot give him the benefit of a record that was never made.

No judge in active service has requested a vote on the petition for rehearing en banc, and all of the judges on the original panel have voted to deny rehearing. It is therefore ordered that the petition for rehearing and for rehearing en banc is DENIED.